THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>   v.<br><br>GUO GUI YU,<br><br>                Defendant. | CASE NO. CR20-0171-JCC-4<br><br>ORDER |

      This matter comes before the Court on Defendant's unopposed motions to proceed with a remote change of plea hearing (Dkt. Nos. 247, 248). For the reasons explained below, the Court DENIES the motions.

      Defendant is charged by Superseding Indictment with conspiracy to manufacture and distribute marijuana and manufacturing and possessing with intent to distribute marijuana. (*See* Dkt. No. 129.) A change-of-plea hearing is scheduled for April 28, 2022 at 10 a.m. before United States Magistrate Judge S. Kate Vaughan. (*See* Dkt. No. 242.) Defense counsel asks to hold the hearing remotely for "excusable reasons." (Dkt. No. 248 at 2.)

      Under the Court's current general orders, felony pleas and sentencings may proceed by video or telephone conferencing if "the district judge in a particular case finds for specific reasons that the plea or sentencing in that case cannot be further delayed without serious harm to the interests of justice." W.D. Wash. General Order 04-20 (March 30, 2020); *see* W.D. Wash.

General Order 05-22 (Dec. 22, 2021) (extending duration of General Order 04-20 through June 20, 2022); *see also* W.D. Wash. General Order 04-22 (March 3, 2022) (allowing for in-person courtroom use "at the discretion of the presiding judge"). But the delay precipitating the need for a remote hearing must relate to "public health and safety." W.D. Wash. General Order 04-20 (incorporating standards articulated in the Coronavirus Aid, Relief, and Economic Security Act § 15002(b)(2)(A)).

In this instance, the only reason defense counsel provides to support a remote hearing appears to relate to matters of *convenience*—not public health or safety. (Dkt. Nos. 247 at 1–2, 248 at 1–2.) Based on these facts, the Court is unable to find that further delay in the absence of a remote plea hearing would seriously harm the interests of justice.

Accordingly, Defendant's motions for a remote proceeding (Dkt. Nos. 247, 248) are DENIED without prejudice. If Defendant wishes to proceed with a change-of-plea hearing remotely, counsel must provide facts supporting this request consistent with the standards articulated in the Court's general orders.

DATED this 26th day of April 2022.

John C. Coughenour
UNITED STATES DISTRICT JUDGE

ORDER
CR20-0171-JCC-4
PAGE - 2